**In re Christopher Alan Schroeder and Karen Marie SCHROEDER, Debtors.**

**No. 6:06–bk–02056–ABB.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Oct. 18, 2006.

Deborah M. Smith, Enrique, Smith & Trent, P.L., Rockledge, FL, for Debtors.

### ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Motion to Invoke Automatic Stay (Doc. No. 21) ("Motion") filed by Christopher Alan Schroeder and Karen Marie Schroeder, the Debtors herein (collectively, the "Debtors"). A hearing on the Motion was held on October 17, 2006 at which the Debtors, their counsel, counsel for Saxon Mortgage Services, Inc., and the Chapter 13 Trustee appeared. The Court makes the following findings and rulings after reviewing the pleadings and evidence, hearing live argument, and being otherwise fully advised in the premises.

### Case Background

The Debtors filed a previous Chapter 13 bankruptcy case on April 6, 2005, captioned *In re Christopher & Karen Schroeder*, Case No. 6:05–bk–03531–ABB ("Case I"). The Debtors voluntarily dismissed this case on January 31, 2006 as they were unable to make the payments pursuant to the confirmed Chapter 13 Plan. The Debtor's, Mr. Schroeder's, income was inconsistent due to the depressed economy in Brevard County following the hurricane season of 2004. The Debtors filed a second Chapter 13 bankruptcy case, Case No. 6:06–bk–01657–ABB ("Case II") on July 11, 2006 due to the Debtor, Mr. Schroeder, obtaining employment with sufficient income to comply with a Chapter 13 plan. This case was filed on an emergency basis on the eve of their home foreclosure. Case II was subsequently dismissed on August 8, 2006, because the debt counseling requirement had not been completed prior to filing. The Debtors filed the above-captioned Chapter 13 Case ("Case III") on August 18, 2006 ("Petition Date") after completing the required counseling class. Case III was filed within one year of the dismissal of Case II. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPC-

PA") governs Case III.[1]

The automatic stay of 11 U.S.C. § 362(a) does not arise upon the filing of Case III pursuant to 11 U.S.C. § 362(c)(4)(A)(i). Section 362(c)(4)(B) provides *"if, within 30 days after the filing of the later case,* a party in interest requests the court may order the stay to take effect in the case as to nay or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(4)(B) (2005) (emphasis added). A case "is presumptively filed not in good faith" if certain conditions exist. 11 U.S.C. § 362(c)(4)(D). The presumption is rebuttal. *Id.*

The Debtors filed this Motion on September 20, 2006 pursuant to 11 U.S.C. § 362(c)(4)(B). The Debtor's did not file the Motion within the requisite thirty day period. Saxon Mortgage Services, Inc., a secured creditor holding a mortgage on the Debtor's home, filed a response in opposition to the Motion (Doc. No. 34). The Debtors have established the filing of Case III was in good faith as to all creditors and reinstatement of the automatic stay is appropriate conditioned the Debtors remain current on their Chapter 13 plan.

An injunction shall issue enjoining all creditors from taking any action inconsistent with the stay provisions of 11 U.S.C. § 362(a). The injunction shall terminate in the event the Debtors default on their plan payment obligations.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Debtor's Motion to Invoke Automatic Stay is hereby **GRANTED;** and it is further

**ORDERED, ADJUDGED and DECREED** that the stay pursuant to 11 U.S.C. § 362(a) is hereby reimposed and all creditors are **ENJOINED** from taking any action inconsistent with the provisions of 11 U.S.C. § 362(a).

1. Pub.L. No. 109–8, 119 Stat. 23 (2005). The Bankruptcy Abuse Prevention and Consumer Protection Act was enacted on April 20, 2005. The new law became generally effective on October 17, 2005, but certain provisions became effective upon enactment. Section 362(c)(3)(B), which is relevant to this proceeding, became effective on October 17, 2005.